# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE, )
)
      Plaintiff, )
)
                         )   I.D.: 91009844DI
)
      v. )
)
CHRISTOPHER R. DESMOND, )
)
      Defendant.

## ORDER ON DEFENDANT'S FIFTEENTH MOTION FOR POSTCONVICTION RELIEF

Now this 21st day of December, 2020 upon consideration of Defendant Christopher Desmond's ("Defendant") Motion for Postconviction Relief, the sentence imposed upon Defendant, and the record in this case, it appears to the Court that:

1. In November of 1992, following a jury trial, Defendant was convicted of several dozen criminal offenses in connection with a series of armed robberies of different businesses located in New Castle County, Delaware, which took place between 1990 and 1991. Most pertinently for this motion, Defendant's convictions included ten counts of Robbery in the First Degree and three counts of Theft. In January of 1993, Defendant was sentenced to 78 years of Level V incarceration.[1]

---

[1] See *Desmond v. State*, 99 A.3d 226, at *1 (Del. Aug. 1, 2014).

2. Since his 1992 conviction, Defendant has filed a large volume of unsuccessful petitions, motions, and appeals in this Court, the Supreme Court of Delaware, the United States District Court for the District of Delaware, the Third Circuit Court of Appeals, and the Supreme Court of the United States. These filings have sought to reduce Defendant's sentence and overturn his conviction. Defendant's direct appeal of his sentence and all subsequent collateral appeals, motions, and petitions have been unsuccessful at every level. This Court has previously noted that Defendant has a "pattern of reasserting past claims by couching the claims in slightly different language in an attempt to preserve the appearance that the claim has not been previously adjudicated and is not procedurally barred by Rule 61."[2]

3. Defendant has now submitted a self-styled "Motion to Dismiss Indictments" ("Motion") pursuant to Rule 61 of the Delaware Rules of Criminal Procedure ("Rule 61".) This Motion represents Defendant's fifteenth (15th) attempt to receive relief under Rule 61.[3] In his Motion, Defendant argues that a previously rejected substantive argument regarding his convictions for Robbery in the First Degree and Theft must

---

[2] *State v. Desmond*, 2011 WL 91984, at *3 (Del. Supr. Jan. 5, 2011) (citing *State v. Desmond*, 2004 WL 838854 (Del. Supr. Apr. 7, 2004)).
[3] *See State v. Desmond* (Del. Supr. July 10, 2018) (summarily dismissing Defendant's eleventh Motion for Post-conviction Relief.)

be dismissed because he "could not be convicted of multiple thefts based upon a single theft in that 'theft' is an essential element of Robbery First Degree."[4]

4. Before addressing the substance of Defendant's claims in the Motion, the Court must determine whether any of Defendant's claims are procedurally barred. Under Rule 61, a "motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court." Second or subsequent motions for post-conviction relief under Rule 61 must be summarily dismissed unless Defendant pleads with particularity (i) that new evidence exists that creates a strong inference of actual innocence on the part of Defendant or (ii) pleads that a new and retroactively applicable rule of constitutional law has been established by the Supreme Court of Delaware or the United States Supreme Court has been established which would render Defendant's sentence invalid.[5]

5. As aforementioned, this is Defendant's fifteenth Rule 61 motion. Defendant's current Motion must therefore demonstrate that one of the two

---

[4] Def. Mot. At 3.
[5] Del. R. Super. Ct. RCRP. 61(d)(2)(i-ii).

exceptions to summary dismissal of secondary or subsequent Rule 61 motions applies in order to prevail. Defendant's Motion does not assert that any new evidence in this case exists (much less new evidence creating a strong inference that he is actually innocent of the crimes for which he was convicted).

6. While Defendant's motion is not a model of clarity, so far as the Court can tell, Defendant appears to claim that the second exception to summary dismissal applies. Defendant asserts that the Supreme Court of Delaware's 2019 decision in *State v. Parker* indicates that he cannot be sentenced for multiple counts of Theft based on a single instance of Theft based on the double jeopardy rule.[6]

7. In *Parker*, the defendant stole a Kawaskaki motorcycle and multiple ATVs and dirt bikes from the premises of a shipping company called Port-to-Port in New Castle County, Delaware.[7] The defendant in *Parker* was later arrested and convicted of two separate offenses in connection with the incident: Theft of a Motor Vehicle for stealing the Kawakaski motorcycle, and Felony Theft for stealing the ATVs and dirt bikes during the incident. The *Parker* defendant appealed his conviction, claiming that his sentences for both Theft and Felony Theft based on a single incident violated the

---

[6] See Def.'s Mot. At 3.
[7] *Parker v. State*, 201 A.3d 1181 (Del. Jan. 14, 2019).

double jeopardy principle. The Supreme Court of Delaware found for the *Parker* defendant, and ordered the case remanded to the Superior Court for resentencing, with Chief Justice Strine holding that charging the defendant with multiple theft counts based on a single incident was "multiplicitous" and therefore impermissible as a double jeopardy violation.[8] In the words of the Chief Justice, multiple counts stemming from a single incident violated the prohibition against double jeopardy because "it was all one heist."[9]

8. *Parker* is inapplicable to Defendant's sentence. In *Parker*, the defendant committed "one heist" which took place at "the same time, at the same location [the parking lot of Port-to-Port shipping company] and with the same criminal intent."[10] The record reflects that Desmond was charged for a series of separate robberies which took place at multiple supermarkets and pharmacies in the Wilmington area between December of 1990 and October of 1991.[11] The record also reflects that Defendant's crime spree affected multiple victims, while the Parker defendant's theft charges only affected a single victim: the Port-to-Port shipping company.[12] Defendant's

---

[8] *Id.* at 1192.
[9] *Id.* at 1190.
[10] *Id.*
[11] See *State v. Desmond*, 1992 WL 390600 (Del. Supr. Nov. 5, 1992) ("These charges arose out of a series of two supermarket and one pharmacy robberies committed in 1991. . . and two additional supermarket robberies in 1990 and 1991.")
[12] See *Desmond v. State*, 654 A.2d 821 (Del. 1994)(" Between December 15, 1990 and October 8, 1991, five robberies took place at various supermarkets and pharmacies in

instant Motion does not plead with particularly that he was charged with multiple Theft counts stemming from a single incident or perpetrated upon a single victim. Whereas the *Parker* defendant stole multiple vehicles from one victim in a "single heist," Defendant committed a series of separate robberies in different incidents over the course of several months. Defendant's crime spree over the course of nearly a full year does not constitute a "single heist" for double jeopardy purposes.

9. Defendant has made this argument in previous Rule 61 motions, and it has been rejected.[13] Defendant claims that the procedural bars of Rule 61 do not apply to this case because the original decisions rejecting this argument were wrongly decided. Defendant claims that "Superior Court Criminal Rule 57(d) allows this Court to adopt Superior Court Civil Rules of Procedures in criminal cases [sic]" and that "Superior Court Civil Rule 59(e) and Rule 60(b) allows for the reopening of the original proceedings . . . when the decision is wrong."

10. Defendant's contention with respect to Criminal Rule 57 is incorrect. The text of Del R. Crim. P. 57(d) reads: "In all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance

different parts of New Castle County. Witnesses testified that, in each of the robberies, a man, armed with a gun, entered the stores and demanded money. Desmond was eventually arrested as the perpetrator of the robberies.")

[13] *See State v. Desmond,* 1995 WL 717628, at *3 (Del. Supr. 1995)("Desmond argues that it was a violation of the double jeopardy clause to allow certain robbery counts to go to the jury based upon a single theft.")

with the applicable Superior Court civil rule or in any lawful manner not inconsistent with the Rules of the Supreme Court." In fact, the present situation is provided for by the Rules. Rule 61 contemplates exactly the situation that Defendant wishes to avoid. Rule 61 prohibits successive (that is, more than one) Rule 61 motions unless an exception specified in the text of the Rules applies. Defendant's motion has not demonstrated that an exception to Rule 61's bar on successive motions applies, and he cannot avoid this bar by attempting to apply a different procedural standard taken from the Delaware Rules of Civil Procedure. The Superior Court is not obligated to reconsider a previously rejected argument simply because Defendant has refined or restated his argument.[14] Moreover, and as articulated above, *Parker v. State* has no applicability to the Defendant and does not provide and avenue for relief under the exceptions outlined in Rule 61.

11. In sum, Defendant's present Motion is presumptively barred by the prohibition on successive Rule 61 Motions. Since Defendant has not pleaded with particularity that an exception to this procedural bar applies, his current Motion must be summarily **DENIED**.

---

[14] See *Desmond v. State*, 2014 WL 3809683 at *2 ("Neither the Superior Court nor [the Supreme Court] is obligated to reconsider a previously rejected claim simply because the issue has been refined or restated.")

Francis J. Jones, Judge